ERWIN E. FAGARAGAN, Petitioner-Appellant,
v.
STATE OF HAWAI'I, Respondent-Appellee.
No. 29281
Intermediate Court of Appeals of Hawaii.
August 26, 2009.
On the briefs:
Erwin E. Fagaragan, Petitioner-Appellant, pro se
Kristin Coccaro, Deputy Prosecuting Attorney, County of Maui, for Respondent-Appellee.

SUMMARY DISPOSITION ORDER
WATANABE, Acting C.J., NAKAMURA, and LEONARD, JJ.
Petitioner-Appellant Erwin E. Fagaragan (Fagaragan) appeals the Findings of Fact, Conclusions of Law, and Order Denying Petition for Post-Conviction Relief Pursuant to Hawai'i Rules of Penal Procedure (HRPP) Rule 40 (Order) filed on June 25, 2008 in the Circuit Court of the Second Circuit (circuit court).[1]
On April 19, 2006, Fagaragan was convicted of (1) Count 1, Promoting a Dangerous Drug in the First Degree in violation of Hawaii Revised Statutes (HRS) § 712-1241(1)(a)(i) (Supp. 2003); (2) Count 2, Attempted Promoting a Dangerous Drug in the First Degree in violation of HRS §§ 705-500 and 712-1241 (1) (a) (i) (Supp. 2003); and (3) Count 3, Prohibited Acts Related to Drug Paraphernalia in violation of HRS § 329-43.5 (1993) in Cr. No. 05-1-0090(1). Fagaragan's trial counsel was Vickie Russel, Esq.
Fagaragan appealed his convictions on the grounds that Counts 1 and 3 merged into Count 2 as a matter of law and the circuit court omitted the mens rea element for an attendant circumstance in its jury instruction on Count 2. Fagaragan's appellate counsel was Earle A. Partington, Esq.
On September 10, 2007, this court issued a published opinion, State v. Fagaragan, 115 Hawai'i 364, 167 P.3d 739 (App. 2007), which reversed Fagaragan's conviction on Count 2 for Attempted Promoting a Dangerous Drug in the First Degree because Count 1 merged with Count 2. Id. at 372, 167 P.3d at 747. Fagaragan's second point of error was not ruled upon because it was moot. Id.
On June 18, 2008, Fagaragan filed a Petition for Post-Conviction Relief Pursuant to HRPP Rule 40 (Petition).
Fagaragan stated the following claims:
1. Illegal Search and Seizure conducted by officers without first obtaining a search warrant prior to entering the vehicle received into evidence. This illegal search of vehicle by K-9 Unit raises a Fourth Amendment violation protected by the United States Constitution.
2. Petitioner had been charged and convicted by jury for the same alleged offense or offenses twice, thereby violating petitioner's Fifth Amendment right which protects an accused of being charged twice for the same offense.
3. In petitioner's first jury trial the State presented someone elses [sic] evidence to the court. The question presents itself, did the Maui Police Department mixed [sic] up the evidence held, and convicted petitioner on grounds of false evidence? An accused has to be found guilty beyond a reasonable doubt prior to this person receiving a guilty verdict. This is not the case herein, thereby the court stands in violation of a Due Process violation which is guaranteed an accused under the Fourteenth Amendment to the Constitution.
4. Conviction at Attempted Promotion of Controlled Substance is over reaching and without merit in this case.
5. There was no foundation laid as to the proper working order of the instruments used by the Maui Police Department in the testing of alleged controlled substance(s) which ultimately were use [sic] to convict petitioner herein.
6. The entire conviction herein is illegal, as petitioner had to be found guilty beyond a reasonable doubt, which has not been the case in this jury trial and said conviction must be remanded for the overturning of said sentence, and petitioner must be released from custody at once.
Fagaragan's Petition stated no facts in support of Fagaragan's claims.
On June 25, 2008, the circuit court issued its Order denying Fagaragan's June 18, 2008 Petition.
On appeal, Fagaragan states the following points of error: (1) the circuit court erred by allowing report No. 04-02390 into evidence because it did not pertain to his case, (2) the circuit court erred by allowing a witness to testify as an expert concerning weights and measures and about the calibration of a scale, (3) there was no substantial evidence to support a conviction of attempted promotion of a controlled substance, (4) the evidence in the case cannot be substantiated as to its validity because there were mistakes in identifying the substance tested and its actual weight, (5) his vehicle was illegally searched during a traffic stop, and (6) appellate counsel was ineffective for failing to raise the issues above in a direct appeal.
Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Fagaragan's points of error as follows:
(1) The record does not show that report No. 04-02390 was entered into evidence at Fagaragan's trial in Cr. No. 05-1-0090(1). Therefore, Fagaragan's point of error is without merit.
(2) Fagaragan's trial counsel objected to the introduction of evidence concerning the calibration of the scale and weights used to calibrate the scale by a police criminalist. These issues were not raised in Fagaragan's direct appeal and are therefore presumed to be waived. HRPP Rule 40(a)(3). Fagaragan must prove extraordinary circumstances to justify his failure to raise the issue. Id. However, Fagaragan did not state any reason for his failure to raise the issue of substantial evidence to support his conviction in his direct appeal. Therefore, relief pursuant to HRPP Rule 40 is not available.
(3) Fagaragan's conviction for Attempted Promotion of a Controlled Substance was reversed by this court in State v. Fagaragan, 115 Hawai'i 364, 167 P. 3d 739 (App. 2007). Therefore, Fagaragan's third issue on appeal is moot.
(4) Fagaragan must prove extraordinary circumstances to justify his failure to raise the issues of misidentification and actual weight of the substance tested in his direct appeal. HRPP Rule 40(a)(3). Fagaragan does not state any reason why he did not raise these issues in his direct appeal. Therefore, relief pursuant to HRPP Rule 40 is not available.
(5) Fagaragan's motion to suppress the search of his vehicle was denied prior to trial. This issue was not raised in Fagaragan's direct appeal. Fagaragan must prove extraordinary circumstances to justify his failure to raise the issue. HRPP Rule 40(a)(3). Fagaragan does not state any reason why he did not raise the issue in his direct appeal. Therefore, relief pursuant to HRPP Rule 40 is not available. HRPP Rule 40(a)(3).
(6) Fagaragan did not claim in the Petition that he had ineffective assistance of appellate counsel. Therefore, this issue will be disregarded. Hawai'i Rules of Appellate Procedure Rule 28 (b) (4).
Therefore,
IT IS HEREBY ORDERED that the Findings of Fact, Conclusions of Law, and Judgment Denying Rule 40 Petition for Post-Conviction Relief filed on August 18, 2008 in the Circuit Court of the Second Circuit is affirmed.
NOTES
[1] The Honorable Joel E. August presided.